UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADIB K TIMBUKTU,

        Plaintiff,

        v.                                    Case No. 21-cv-0873-bhl

ACCESSIBLE HOME CARE, et al,

        Defendants.

## ORDER DISMISSING AMENDED COMPLAINT
## FOR FAILURE TO STATE A CLAIM

On July 26, 2021, Plaintiff Adib K. Timbuktu, proceeding without counsel, filed a complaint. (ECF No. 1.) About a week later, on August 3, 2021, Timbuktu filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 4.) On August 5, 2021, the Court granted Timbuktu's motion for leave to proceed without prepayment of the filing fee but dismissed the complaint without prejudice for failure to state a claim. (ECF No. 5.)[1] Thereafter, on September 16, 2021, Timbuktu filed an amended complaint. (ECF No. 8.) This Order reviews the sufficiency of the amended complaint.

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roberts v. City of Chicago*, 817 F.3d 561, 564–65 (7th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The complaint must do more than recite the

---

[1] The Court has authority to allow a litigant to proceed without prepaying the filing fee if the Court determines that the litigant is unable to pay the costs of commencing the action and the action is not frivolous, fails to state a claim, or is brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2).

elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. at 678 (2009)).

Timbuktu's amended allegations, like those in his original complaint, do not state a plausible claim for relief. Timbuktu names as defendants Accessible Home Care and Luul Adam (a director at Accessible Home Care). (ECF No. 8 at 1.) Accessible Home Care appears to be a private medical care provider. Timbuktu alleges that the defendants conspired to commit fraud by misappropriating United States Medicare/Medicaid funds. (*Id*. at 2–3.) Timbuktu alleges this conspiracy deprived him of his medical benefits. (*Id*.) Timbuktu alleges the defendants' actions violated 42 U.S.C. § 1395bbb and abrogated Timbuktu's Fifth Amendment rights under the United States Constitution. (*Id*.) Timbuktu claims, among other things, that the defendants refused to provide an accounting of government payments made to Accessible Home Care, and that the defendants refused to transfer certain government assistance payments to Timbuktu. (*Id*.) Even reading these allegations generously, the Court is unable to discern any plausible basis for asserting claims against these defendants. Accordingly, Timbuktu's amended complaint will be dismissed.

Because the Court has already afforded Timbuktu a chance to correct the deficiencies in his allegations, and he has not done so, the dismissal will now be with prejudice. "[P]laintiffs enjoy leave to amend whenever justice so requires and, as a matter of course, almost always get an opportunity to amend their complaints at least once." *Odogba v. Wisconsin Dep't of Just.*, 22 F. Supp. 3d 895, 914–15 (E.D. Wis. 2014) (citing *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013)). However, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Majors v. Co Shillensburg*, No. 20-C-1127, 2020 WL 4904072, at *2 (E.D. Wis. Aug. 20, 2020) (denying leave to file second amended complaint where plaintiff's first amended complaint failed to cure deficiencies in original complaint) (citing *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)). The Court finds that granting Timbuktu another chance to amend his complaint would be futile.

Accordingly,

**IT IS HEREBY ORDERED** that Timbuktu's amended complaint, ECF No. 8, is **DISMISSED with prejudice**.

Dated at Milwaukee, Wisconsin on October 27, 2021.

                                           s/ *Brett H. Ludwig*
                                           BRETT H. LUDWIG
                                           United States District Judge